"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. THACHER,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-8189 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has

1  stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and
2  accurately summarizes the hearing testimony and medical evidence in the record except
3  as noted in her contentions.

4  In the JS, Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff's
5  impairments were not severe; and (2) rejecting Plaintiff's subjective symptom testimony.
6  The Commissioner disagrees.

7  Plaintiff's Impairments

8  The ALJ found that Plaintiff suffers from fibromyalgia, hypothyroidism,
9  abdominal pain, prostatitis, and depression. [Administrative Record ("AR") at 21, 23.]
10 However, the ALJ determined that Plaintiff did not have an impairment or combination
11 of impairments which more than minimally affected his physical or mental ability to do
12 work-related activities. [AR at 22-23.] Based on this evaluation, the ALJ concluded that
13 Plaintiff did not suffer from a severe impairment. [AR at 23.] Plaintiff contends that the
14 ALJ's evaluation at step two of the sequential process is not supported by substantial
15 evidence. The Court agrees with Plaintiff.[1/]

16 Plaintiff has received regular treatment from Alexander Mendez, M.D., and other
17 physicians at Bright Medical Associates since January 2002. [AR at 19, 21-22, 215-19,
18 221-29, 231-48, 349-62.] In August 2004, Dr. Mendez completed a Medical
19 Questionnaire on Plaintiff's behalf. [AR at 342-45.] In addition to diagnosing Plaintiff
20 with fibromyalgia, hypothyroidism, abdominal pain, prostatitis, and depression, Dr.
21 Mendez noted that Plaintiff's symptoms included severe abdominal pain, fatigue,
22 myalgias, arthralgias, and weakness. [AR at 342.] Plaintiff was prescribed a variety of
23 medications for these conditions. [AR at 342.] Dr. Mendez stated that Plaintiff could lift
24 and carry no more than five pounds occasionally. [AR at 343.] In an eight-hour

---

[1/]  Plaintiff also contends that the ALJ's finding at step two was in error because the ALJ explicitly stated in the decision that Plaintiff does in fact have conditions which "constitute a 'severe impairment' in that they had more than a minimal effect on claimant's ability to work." [AR at 21.] Upon review of the ALJ's decision as a whole, however, it is apparent that this statement by the ALJ represents nothing more than a typographical error. [AR at 22-23.]

Page 2

workday, Plaintiff's ability to perform work-related functions was limited as follows: sitting three hours, standing three hours, walking one hour, and performing fine manipulation 15 to 30 minutes. [AR at 343-44.] Dr. Mendez further found that Plaintiff was precluded from engaging in bending, stooping, climbing, repetitive use of his hands for simple grasping, fine manipulation, and pushing or pulling of arm controls, repetitive pushing or pulling of leg or foot controls, and work involving unprotected heights, moving machinery, exposure to marked changes in temperature and humidity, driving a motor vehicle, and exposure to dust, fumes, gases, and stress. [AR at 344.] Dr. Mendez concluded that Plaintiff did not have the stamina to work on a full-time basis. [AR at 343, 345.]

The ALJ rejected Dr. Mendez's opinion. [AR at 22.] In so doing, the ALJ relied on the opinions of examining physicians. For example, the ALJ noted that examining psychiatrist Ashraf Elmashat, M.D. found that Plaintiff did not have any work-related limitations, despite being diagnosed with depressive disorder, NOS. [AR at 21-22, 292-97.] The ALJ also cited the findings of Frank R. Villalobos, M.D., who examined Plaintiff in connection with a Worker's Compensation claim. [AR at 20, 154-73.] Dr. Villalobos found that "within the field of internal medicine, there [was] no objective evidence of any abnormality" and concluded that Plaintiff had no work restrictions. [AR at 172.]

It was within the province of the ALJ to resolve conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, the ALJ's findings must still be based on substantial evidence supported by the record as a whole. 42 U.S.C. § 405(g); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Here, the opinion of Plaintiff's treating physician, Dr. Mendez, is entitled to special weight because he was employed to cure and had a greater opportunity to know and observe Plaintiff as an individual. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987). Therefore, the ALJ was required to provide specific, legitimate reasons before rejecting Dr. Mendez's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).

1    In the decision, the ALJ criticized Dr. Mendez's findings as unsupported by any
2 objective evidence and based primarily on Plaintiff's subjective complaints. [AR at 22.]
3 These reasons are contrary to the evidence of record and do not constitute a specific,
4 legitimate basis for rejecting Dr. Mendez's opinion. While Dr. Mendez's chart notes are
5 relatively brief, it is clear that he examined Plaintiff on multiple occasions over a two
6 year period, made clinical findings, diagnosed Plaintiff's impairments, and prescribed a
7 variety of medications. [AR at 215-19, 221-29, 231-45, 349-62]; *Embrey v. Bowen*, 849
8 F.2d 418, 421-22 (9th Cir. 1988)("[t]o say that medical opinions are not supported by
9 sufficient objective findings . . . does not achieve the level of specificity our prior cases
10 have required . . . ."); *see also Sprague*, 812 F.2d at 1232 (explaining that when a treating
11 physician diagnosed claimant with depression, set forth clinical observations supporting
12 the diagnosis, and prescribed psychotherapeutic drugs, ALJ erred in finding claimant had
13 not set forth sufficient evidence to substantiate mental impairment). Dr. Mendez also
14 reviewed and analyzed reports and findings of other physicians who had examined
15 Plaintiff. In July 2004, Dr. Mendez referred Plaintiff to Naveen Raja, D.O., for a
16 rheumatology consult. [AR at 338-40.] On examination, Dr. Raja found that Plaintiff
17 exhibited 14 out of 18 tender points positive for fibromyalgia, as well as muscle
18 weakness. [AR at 339.] Thus, Dr. Mendez did not rely solely on Plaintiff's subjective
19 complaints in rendering his diagnosis. If the ALJ questioned the objective basis for Dr.
20 Mendez's opinion, he should have inquired further. *See, e.g., Smolen v. Chater*, 80 F.3d
21 1273, 1288 (9th Cir. 1996); *see also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)
22 (ALJ's duty to fully and fairly develop the record exists even when the claimant is
23 represented by counsel). The ALJ also criticized Dr. Mendez's opinion as to Plaintiff's
24 mental impairment because he is not a psychiatrist. [AR at 22.] However, the fact that
25 Dr. Mendez was not a specialist in psychiatry is not a legitimate reason for rejecting his
26 opinion. *Lester*, 81 F.3d at 833 (rejecting argument that treating physician's opinion as
27 to the claimant's mental functioning could be rejected because the treating physician was
28 not a mental health specialist); *Sprague*, 812 F.2d at 1232. Thus, although Dr. Mendez's

opinion on the ultimate issue of disability was not necessarily conclusive, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), his clinical observations are consistent with a conclusion that Plaintiff suffers from a severe impairment. *Smolen*, 80 F.3d at 1290 (an impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work). Accordingly, the Court finds that remand is appropriate for the Commissioner to re-evaluate whether Plaintiff is disabled within the meaning of the Act, after giving proper consideration to Dr. Mendez's opinion.[2]

### III.  CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   August 17, 2006        /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE

---

[2] Because the ALJ improperly found that Plaintiff did not suffer from a severe impairment and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.